UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE E. WILLIAMS, | Case No. 3:22-cv-00416-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| ESP, *et al.*, | |
| Respondents. | |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Terrance E. Williams, an individual incarcerated at Nevada's Ely State Prison. Williams initiated this action on September 16, 2022, by submitting two documents styled as habeas petitions (ECF Nos. 1-1, 1-2). Williams did not at that time pay the filing fee or submit an application to proceed *in forma pauperis*. The Court, however, granted Williams time—to December 2, 2022—to either pay the filing fee or file an application to proceed *in forma pauperis*. (ECF No. 3.) Then, on December 5, 2022, the Court received from Williams a motion for extension of the time for him to pay the filing fee. (ECF No. 4.) And, on December 7, 2022, the Court received payment of the filing fee from Williams. (ECF No. 5.) The Court will grant Williams's motion for extension of time and will treat as timely his payment of the filing fee.

The Court, therefore, reviews Williams's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). The Court determines that it is plain that Williams is not entitled to habeas corpus relief, and the Court will, therefore, dismiss this action.

Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 4 state that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Habeas Rule 4, Advisory Committee Notes (1976 Adoption).

Williams's petition states that he is serving a sentence of one to three years in prison on a state court conviction, on his guilty plea, of possession of forged instruments. (ECF No. 1-1, p. 3.) He claims in his habeas petition that earned credits were improperly revoked as a result of a disciplinary violation, and also that earned credits have not been applied to his minimum sentence or parole eligibility date. (*see id.* at 4–8; ECF No. 1-2.)

The Court observes, however, that Williams does not allege that he has exhausted his claims in state court. A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Williams states in his petition that he did not raise his claims on either a direct appeal or in a state habeas petition. (*See* ECF No. 1-1, pp. 4–5, 6.) There is no indication in Williams's petition that he has given the Nevada Court of Appeals or the Nevada Supreme Court an opportunity to rule on his claims. This precludes habeas corpus relief in this federal habeas corpus action.

Moreover, even putting aside the question of exhaustion of state court remedies, the Court determines that Williams does not state a viable claim for federal habeas corpus relief at any rate. A federal court may entertain a habeas petition by a state prisoner "only on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Errors in the application of state law are not cognizable on federal habeas corpus review. *Ibid.* Sentence calculation is generally purely a matter of the application of state law. *See Beaty v. Stewart*, 303 F.3d 975, 986 (9th Cir. 2002). A habeas petitioner cannot "transform a state law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *see also Miller v. Stagner*, 757 F.2d 988, 993–94 (9th Cir. 1985). Thus, Williams does not assert a cognizable claim for federal habeas relief. Accordingly, his petition must be dismissed.

It is therefore ordered that Petitioner's Motion to Lengthen Time Frame for Filing Fee (ECF No. 4) is granted. Petitioner's payment of the filing fee for this action, on December 7, 2022, will be treated as timely.

It is further ordered that this action is dismissed.

It is further ordered that Petitioner is denied a certificate of appealability as reasonable jurists would not find this ruling to be debatable or wrong

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly and close this case.

It is further ordered that the Clerk of the Court is directed to electronically serve a copy of the habeas petition (ECF Nos. 1-1, 1-2) and a copy of this order on the Nevada Attorney General. The respondents need not take any action in this case.

DATED THIS 24th day of January, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE